## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ENRICO MORETTI, individually and on behalf of the general public and those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE HERTZ CORPORATION; DOLLAR THRIFTY AUTOMOTIVE GROUP, INC.; and HOTWIRE, INC.<br><br>Defendants. | C.A. No. 14-469-LPS |

Brian E. Farnan and Michael J. Farnan, FARNAN LLP, Wilmington, DE

Adam J. Gutride, Seth A. Safier, and Marie A. McCrary, GUTRIDE SAFIER LLP, San Francisco, CA

Attorneys for Plaintiff Enrico Moretti

Kevin G. Abrams, John M. Seaman, and Sarah E. Hickie, ABRAMS & BAYLISS LLP, Wilmington, DE

Brendan T. Mangan and Zana Z. Bugaighis, DAVIS WRIGHT TREMAINE LLP, Seattle, WA

Attorneys for Defendant Hotwire, Inc.

## MEMORANDUM OPINION

March 17, 2017
Wilmington, Delaware

**STARK, U.S. District Judge:**

Pending before the Court is Defendant Hotwire, Inc.'s motion for judgment on the

pleadings under Federal Rule of Civil Procedure 12(c). (*See* D.I. 105) For the reasons that

follow, the motion will be denied.

## I.      BACKGROUND

On May 23, 2013, Plaintiff Enrico Moretti filed a putative class action complaint in

California state court. (D.I. 1-1 Ex. A) The matter was removed to the U.S. District Court for

the Northern District of California and later transferred to this District. (D.I. 1, D.I. 54, D.I. 55)

The relevant pleadings before the Court are Plaintiff's Second Amended Class Action Complaint

("Complaint"), filed on April 10, 2015 (D.I. 83), and Hotwire's answer to the same, filed May 4,

2015 (D.I. 86).

Plaintiff sues under California's false advertising, consumer protection, and unfair and

deceptive trade practices laws, and alleges common law fraud. Plaintiff accuses Defendants of

carrying out a "currency exchange rate scam." (D.I. 83 at 1-2 ¶ 2) According to Plaintiff, prices

for car rentals in Mexico were advertised in U.S. dollars but later converted into Mexican Pesos

at an artificially inflated rate. (*Id.*) Plaintiff claims he and other consumers paid more than the

advertised price for their rentals as a result. (*Id.*) Defendants also allegedly failed to inform

consumers that the purchase of liability insurance was mandatory, disclosing terms and

conditions stating the contrary. (*See, e.g., id.* at 2 ¶ 3) Plaintiff claims that The Hertz

Corporation and Dollar Thrifty Automotive Group, Inc. (together, the "Hertz Defendants")

supplied this misleading information about car rental prices and terms to Hotwire, and Hotwire

incorporated the content into listings on its website. (*See, e.g., id.* at 9 ¶ 28) Plaintiff alleges that

1

Hotwire continued to do so despite consumer complaints and Hotwire's knowledge of the information's fraudulent content. (*See, e.g., id.* at 11 ¶ 31) Plaintiff characterizes Hotwire as a willing and ratifying participant in this arrangement, and alleges that Hotwire "directly profit[s]" from the scheme. (*Id.* at 15 ¶ 38(d))

On May 13, 2016, Hotwire filed a motion for judgment on the pleadings. (D.I. 105) Hotwire contends that it is immune from suit under 47 U.S.C. § 230 ("Section 230"), which protects websites and other interactive computer service providers under certain circumstances. The motion was fully briefed (*see* D.I. 106, D.I. 111, D.I. 112), and the Court heard oral argument on September 2, 2016 (*see* D.I. 118 ("Tr.")).

## II.    LEGAL STANDARDS

Under Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings "[a]fter [the] pleadings are closed – but early enough not to delay trial." When evaluating a motion for judgment on the pleadings, the Court must accept all factual allegations in a complaint as true and view them in the light most favorable to the non-moving party. *See Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008).

A Rule 12(c) motion will not be granted "unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." *Id.* (internal quotation marks omitted). "The purpose of judgment on the pleadings is to dispose of claims where the material facts are undisputed and judgment can be entered on the competing pleadings and exhibits thereto, and documents incorporated by reference." *Venetec Int'l, Inc. v. Nexus Med., LLC,* 541 F. Supp. 2d 612, 617 (D. Del. 2008). Thus, a court may grant a motion for judgment on the pleadings (like a motion to dismiss) only if, after "accepting all

2

well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997). Judgment on the pleadings is appropriate "only if no relief could be afforded under any set of facts that could be proved." *Turbe v. Gov't of Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991).

## III.   DISCUSSION

### A.   Section 230 Immunity

Hotwire contends that Section 230 requires judgment on the pleadings in its favor. Second 230 provides that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1). Federal courts have interpreted the statute as providing broad immunity from claims that would hold websites liable for dissemination of information originating from a third party. *See, e.g., Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 254-55 (4th Cir. 2009).

Section 230 reflects Congress's goal of "promot[ing] the continued development of the Internet." 47 U.S.C. § 230(b)(1). Congress was concerned that "imposing tort liability on companies that serve as intermediaries for other parties' potentially injurious messages" might deter online activity that is beneficial on the whole. *Zeran v. America Online, Inc.*, 129 F.3d 327, 330-31 (4th Cir. 1997). "[A]n 'interactive computer service' qualifies for immunity so long as it does not also function as an 'information content provider' for the portion of the statement or publication at issue." *Carafano v. Metrosplash.com, Inc.*, 339 F.3d 1119, 1123 (9th Cir. 2003).

Courts have extracted a three-part test from Section 230(c)(1). *See, e.g., Universal*

3

*Commc'n Sys., Inc. v. Lycos, Inc.*, 478 F.3d 413, 418 (1st Cir. 2007). A party seeking the

statute's protections must show that: (i) it is an interactive computer service provider; (ii) the

particular information at issue at was provided by another information content provider ("ICP");

and (iii) the claim seeks to treat the defendant as a publisher or speaker of that third party

content. *See id.* The immunity "depends on the pedigree of the content at issue." *Jones v. Dirty*

*World Entm't Recordings LLC*, 755 F.3d 398, 409 (6th Cir. 2014). Service providers can qualify

for Section 230 immunity as long as they do not "contribute[] materially to the alleged illegality"

of the content. *Fair Housing Council of San Fernando Valley v. Roommates.com, LLC*, 521 F.3d

1157, 1168 (9th Cir. 2008).[1]

      Hotwire contends – and Plaintiff does not appear to contest – that Hotwire is an

interactive computer service provider and satisfies the first element of the test. (*See* D.I. 106 at

10; D.I. 111 at 11) The parties disagree as to whether the Complaint's allegations lay a sufficient

foundation for treating Hotwire as a materially contributing ICP and whether Plaintiff is

attempting to treat Hotwire as a publisher of third party content.

---

    [1]The U.S. Court of Appeals for the Third Circuit has not addressed how involved a party
must be in the "creation or development" of content for the party to be considered an ICP under
the statute. 47 U.S.C. § 230(f)(3) (defining "Information content provider"). The Ninth's
Circuit's "material contribution" test has been adopted by several other circuits. *See, e.g., Nemet*
*Chevrolet*, 591 F.3d 250; *Dirty World Entm't Recordings*, 755 F.3d 398; *F.T.C. v. Accusearch*
*Inc.*, 570 F.3d 1187 (10th Cir. 2009). The Court believes that the Third Circuit would follow its
sister circuits in applying this test. As a result, whether Hotwire is an ICP (and therefore not
entitled to Section 230 immunity) will depend on whether there is a sufficient nexus between
Hotwire's conduct and the allegedly misleading nature of the information supplied by Hertz
Defendants and displayed on Hotwire's site. *See Roommates.com*, 521 F.3d at 1167-68 ("We
believe that both the immunity for passive conduits and the exception for co-developers must be
given their proper scope and, to that end, we interpret the term 'development' as referring not
merely to augmenting the content generally, but to materially contributing to its alleged
unlawfulness.").

4

## B.    Anticipating Affirmative Defenses in a Complaint

Hotwire argues that judgment on the pleadings is proper because "Moretti does not (and cannot) allege that Hotwire authored the alleged misinformation at issue." (D.I. 106 at 11; *see also* D.I. 112 at 8 ("Moretti does not (and cannot) *plead around* [Section 230].") (emphasis added)) In Plaintiff's view, the motion cannot be granted because the Section 230 defense is not apparent "on the face of the Complaint." (D.I. 111 at 4 (quoting D.I. 106 at 8)) Plaintiff asserts that the Complaint establishes "only that the [Hertz Defendants] *are* [ICPs], not that Hotwire is *not* one." (D.I. 111 at 1 (emphasis added)) Even if the Complaint fails to allege that Hotwire is an ICP, Plaintiff argues, the allegations "leave open the possibility that Hotwire develops in part the fraudulent content at issue in this case." (D.I. 111 at 9) Plaintiff essentially contends that the Complaint need not affirmatively negate *any* of the elements of Section 230 immunity. The Court agrees.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 does not require plaintiffs to "anticipate or overcome affirmative defenses" in a complaint. *Schmidt v. Skolas*, 770 F.3d 241, 248 (3d Cir. 2014). For that reason, "a complaint does not fail to state a claim simply because it omits facts" that would defeat, for example, a statute of limitations defense. *Id.* Defending parties are responsible for asserting affirmative defenses and ultimately bear the burdens of production and persuasion with respect to such defenses. *See Moore v. Kulicke & Soffa Indus., Inc.*, 318 F.3d 561, 566 (3d Cir. 2003). It follows that "[l]itigants need not try to plead around" potential defenses. *Schmidt*, 770 F.3d at 248 (internal quotation marks omitted).

This principle does not categorically preclude courts from considering the application of

5

an affirmative defense at the pleading stage. Courts routinely do so when the "basis for the
defense is evident on the face of the complaint." *Brody v. Hankin*, 145 F. App'x 768, 771 (3d
Cir. 2005); *see also Jones v. Bock*, 549 U.S. 199, 215 (2007) ("Whether a particular ground for
opposing a claim may be the basis for dismissal for failure to state a claim depends on whether
the allegations in the complaint suffice to establish that ground, not on the nature of the ground in
the abstract."); *Ruiz-Sanchez v. Goodyear Tire & Rubber Co.*, 717 F.3d 249, 252 (1st Cir. 2013)
("Dismissal on the basis of an affirmative defense requires that (i) the facts establishing the
defense are definitively ascertainable from the complaint and the other allowable sources of
information, and (ii) those facts suffice to establish the affirmative defense with certitude."
(internal quotation marks omitted)).[2]

As the Third Circuit has observed, "[t]he facts necessary to establish an affirmative
defense must generally come from matters outside of the complaint." *Worldcom, Inc. v.
Graphnet, Inc.*, 343 F.3d 651, 657 (3d Cir. 2003). Whether facts supporting a defense are
established in a complaint depends in part on the particular defense's elements and whether there
is any overlap with the building blocks of the plaintiff's claims.

## C.    Hotwire Is Not Entitled to Judgment on the Pleadings

Applying these pleading principles here, Hotwire has failed to demonstrate – based on the
facts alleged in the operative complaint, taken as true – that it is entitled to Section 230

---

[2]Statute of limitations defenses appear to account for "[t]he most common situation[s] in
which the affirmative defense appears on the face of the pleading." 5B Charles Alan Wright &
Arthur R. Miller, Federal Practice and Procedure § 1357 (3d ed. 2016). A number of other
defenses, such as contributory negligence, estoppel, statute of frauds, immunity from suit, and *res
judicata*, have also been applied at the pleading stage. *See id.* at nn.72-83 (collecting cases).

6

immunity. As noted, the immunity applies only if Hotwire does not "function as an [ICP] for the portion of the statement or publication at issue," *Carafano*, 339 F.3d at 1123, which in turn requires that Hotwire not have "contribute[d] materially" to the offending nature of the content, *Roommates.com*, 521 F.3d at 1168. Plaintiff's complaint is silent on these points. Taking the well-pleaded factual allegations as true, there is no basis in the Complaint from which the Court could conclude that Hotwire did ***not*** function as an ICP and did ***not*** contribute materially to the alleged misrepresentations.

In some Section 230 cases, there is no genuine dispute between the parties about the nature of the service provider's conduct with respect to the offending content. *See, e.g., Green v. America Online*, 318 F.3d 465, 470-71 (3d Cir. 2003) ("There is no dispute that . . . the relevant content originated not from AOL but from another [ICP] . . . . There is no real dispute that Green's fundamental tort claim is that AOL was negligent in promulgating harmful content and in failing to address certain harmful content on its network." (internal quotation marks omitted)). Thus, on several occasions, the Third Circuit has affirmed early dismissals based on Section 230 immunity. *See Obado v. Magedson*, 612 F. App'x 90, 93 (3d Cir. 2015) (summary affirmance; district court's dismissal was based on finding that manipulation of search engine to "maximize search results relating to the alleged defamatory content does not affect [defendants'] immunity from suit"); *DiMeo v. Max*, 248 F. App'x 280, 282 (3d Cir. 2007) ("Although DiMeo argues on appeal that Max is in fact an information content provider because he solicited and encouraged members of his message board community to engage in defamatory conduct or was otherwise partially responsible for the conduct, the complaint is devoid of any such allegations.").

Similarly, this Court has applied Section 230 in granting a Rule 12(b)(6) motion on at

7

least one occasion. *See Kabbaj v. Google, Inc.*, 2014 WL 1369864 (D. Del. Apr. 7, 2014). There, the Court noted that "[t]he amended complaint [did] not allege that any Defendant created or authored the defamatory statements." *Id.* at *3. Instead, "the amended complaint allege[d] that Defendants hosted content, administered services, and provided a platform for others' content." *Id.* The Third Circuit summarily affirmed. *See Kabbaj v. Google, Inc.*, 592 F. App'x 74 (3d Cir. 2015).

Here, however, Plaintiff's allegations are such that there is, based solely on the face of the Complaint, a factual dispute as to the nature and degree of Hotwire's involvement in the allegedly misleading statement. Under the circumstances here, the Court cannot treat the Complaint's silence as to whether Hotwire materially contributed to the false statement as an affirmative allegation that Hotwire did *not* do so. Given that Plaintiff is not required to anticipate and plead around an affirmative defense such as Section 230, *see Schmidt*, 770 F.3d at 248, it follows that Hotwire has failed to show that the Court should grant its motion for judgment on the pleadings. *See generally U.S. Gypsum Co. v. Indiana Gas Co.*, 350 F.3d 623, 626 (7th Cir. 2003) ("A litigant may plead itself out of court by alleging (and thus admitting) the ingredients of a defense . . . but this complaint does not do so; the district judge thought, rather, that the complaint had failed to *overcome* the defenses. As complaints need not do this, the omissions do not justify dismissal.").

Several decisions of other district courts support the Court's conclusion. *See, e.g., Swift v. Zynga Game Network, Inc.*, 2010 WL 4569889 (N.D. Cal. Nov. 3, 2010); *Suk Jae Chang v. Wozo LLC*, 2012 WL 1067643 (D. Mass. Mar. 28, 2012); *CYBERsitter, LLC v. Google Inc.*, 905 F. Supp. 2d 1080 (C.D. Cal. 2012). In *Perfect 10, Inc. v. Google, Inc.*, 2008 WL 4217837 (C.D.

8

Cal. July 16, 2008) the court ruled that judgment was improper at the 12(b)(6) stage despite its

doubts over the plaintiff's case:

> Although it is highly likely that [the plaintiff] will encounter
> difficulty in establishing that Google engaged in the "creation or
> development in whole or in part" of unlawful content, . . . it would be
> improper for the Court to resolve this issue on the pleadings and the
> limited evidentiary record before it.

*Id.* at *8 (quoting *Roommates.com*, 521 F.3d at 1168).

The Court recognizes the friction between its holding and Congress's stated goals in

enacting Section 230.  The Court is sensitive to the expense of litigation and the public policy

arguments in favor of requiring plaintiffs to plead around immunities from suit like Section 230.[3]

These factors motivate the application of Section 230 found in *Nemet Chevrolet* and similar

cases.  *But see generally Jones v. Bock*, 549 U.S. at 224 ("We once again reiterate . . . that

adopting different and more onerous pleading rules to deal with particular categories of cases

should be done through established rulemaking procedures, and not on a case-by-case basis by

the courts.").  Still, Congress could have explicitly provided for such an application of Section

230 if it desired that result, but it did not do so.  *See id.* at 216 ("[T]here is no basis for

---

[3]Other courts have encouraged the statute's application at the earliest stages of litigation, emphasizing that Section 230 is an "immunity from suit" rather than a mere defense from liability.  *E.g.*, *Nemet Chevrolet*, 591 F.3d at 254.  Congress did not intend to protect websites from "ultimate liability," but also from "having to fight costly and protracted legal battles." *Roommates.com*, 521 F.3d at 1175.  To that end, a number of courts have applied the immunity and dismissed claims prior to discovery.  *See, e.g.*, *Nemet Chevrolet*, 564 F. Supp. 2d 544 (E.D. Va. 2008), *aff'd*, 591 F.3d 250; *M.A. ex rel. P.K. v. Vill. Voice Media Holdings, LLC*, 809 F. Supp. 2d 1041 (E.D. Mo. 2011); *Evans v. Hewlett-Packard Co.*, 2013 WL 5594717, at *3 (N.D. Cal. Oct. 10, 2013) ("The proposed [amended] pleading fails to adequately ***plead around*** the CDA because it does not provide the requisite factual basis to infer that the defendant is a content provider." (emphasis added)); *Goddard v. Google, Inc.*, 640 F. Supp. 2d 1193 (N.D. Cal. 2009).

concluding that Congress implicitly meant to transform [administrative] exhaustion from an affirmative defense to a pleading requirement by the curiously indirect route of specifying that courts should screen [Prison Litigation Reform Act] complaints and dismiss those that fail to state a claim.").

Hotwire has not "clearly established that no material issue of fact remains to be resolved." *Rosenau*, 539 F.3d at 223 (internal quotation marks omitted). Judgment on the pleadings is, therefore, inappropriate and the Court will deny Hotwire's motion.

### D.    Amended Complaint

The Court's decision to deny Hotwire judgment on the pleadings is reinforced by Plaintiff's counsel's representations at oral argument regarding the nature and character of Hotwire's advertisements. *(See, e.g.,* Tr. at 33) Plaintiff is of the belief that, if needed, he could plead sufficient facts to show that Hotwire is not entitled to the protection of Section 230 immunity. While the Court has held that Plaintiff is not required to so plead, in the particular circumstances of this case it will likely prove helpful to the parties (and ultimately to the Court) for Plaintiff to amend his complaint to include any specifics which are in his possession that help to show why Plaintiff believes Hotwire is not immune under Section 230. Accordingly, the Court will order Plaintiff to amend his complaint.

## IV.    CONCLUSION

For the reasons stated above, Hotwire's motion for judgment on the pleadings will be denied.

10